Dear Mr. Speed:
This office is in receipt of your opinion request wherein you advise that the St. Helena Parish School Board ("Board") is proposing an exchange of property by and between the Board and a private individual. The exchange would involve old, unused school buildings and the land upon which they sit.
The question presented for our review is whether the Board possesses legal authority to enter into such an exchange and if so, what procedure is available to accomplish the exchange.
This issue has presented itself in prior opinions issuing from this office. (See Atty. Gen. Op. Nos. 81-391, 86-591, and 86-762). We are of the opinion that such an exchange is authorized by virtue of ArticleVI, Section 23, Louisiana Constitution of 1974, wherein it is provided that:
 "Subject to and not inconsistent with this Constitution and subject to restrictions provided by general law, political subdivisions may acquire property for any public purpose by purchase, donation, expropriation, exchange, or otherwise."
It is obvious that if the Constitution authorizes the acquisition of property by a political subdivision through the medium of an exchange, then it must be contemplated that the political subdivision is authorized to transfer property that it owns in order to effect the exchange.
Consequently, LSA-R.S. 17:87.6 authorizes any parish or city school board to sell, lease or otherwise dispose of, at public or private sale, for cash or on terms of credit, any school site, building, facility or personal property which is not used and, in the judgment of the school board, is not needed in the operation of any school or schools within its jurisdiction. Any such sale, lease or disposal of such school property shall be on such terms and conditions and for such consideration as the school board shall describe.
We take cognizance of the fact that LSA-R.S. 41:891 et seq partially repealed LSA-R.S. 17:87.6 as a more recent expression of legislative will, but this office has previously concluded that the repeal is with regard to sales of school board property, not exchanges, and LSA-R.S.17:87.6 remains viable relative to dispositions other than sales, more specifically, exchanges of property or leases. (See Atty. Gen. Op. No. 75-1261, Atty. Gen. Op. No. 80-275, and Atty. Gen. Op. No. 93-130).
We should advise that value appraisals should be made of the properties subject to the proposed exchange. The relative values of said properties should be comparable since a disparity in value to the detriment of the school board could be construed as a violation of Article VII, Section 14
of the Louisiana Constitution of 1974 prohibiting donations by public bodies.
Lastly, if the subject properties are Sixteenth Section or School Indemnity lands, we must advise that such an exchange would not be permissible since that property is owned by the State and held in trust for the benefit of the school board. The procedure for disposition of said lands is set out in detail in Title 41 of the Revised Statutes.
We trust this response sufficiently addresses your inquiry and if we may be of any further assistance, please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KEVIN L. HANCHEY Assistant Attorney General
RPI/KLH/tp
DATE REQUESTED: August 2, 2001
DATE RELEASED: October 4, 2001